RICHARD E. KOHRS AND CHERIE T. KOHRS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kohrs v. Commissioner
Docket No. 3040-81.
United States Tax Court
T.C. Memo 1985-115; 1985 Tax Ct. Memo LEXIS 518; 49 T.C.M. (CCH) 959; T.C.M. (RIA) 85115; March 18, 1985. Raymond M. Pezzo, for the petitioner. Christopher B. Sterner, for the respondent. HAMBLEN
MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined the following deficiencies in, and additions to, petitioners' Federal income taxes: Year
Deficiency
Sec. 6653(b) [1]
1977
$8,465.00
$4,232.50
1978
7,632.00
3,816.00
Since petitioners conceded the deficiency, the only issue for decision is whether petitioners are liable for the additions to tax pursuant to section 6653(b) for the years 1977 and 1978. FINDINGS OF FACT
Some of the facts have been stipulated and are found *519 accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners Richard Kohrs and Cherie Kohrs resided in Fishkill, New York, when they filed their petition in this case. [2]
In 1971, petitioner earned a Bachelor of Science degree, with a major in accounting, from New York University ("NYU"). During his studies at NYU, petitioner completed a required course dealing with income taxation. From July, 1971 through April, 1975, petitioner was employed as an accountant with the public accounting firm of Peat, Marwick, Mitchell & Co. ("Peat, Marwick").In 1975, petitioner completed tests given by the State of New York, and qualified as a Certified Public Accountant. Petitioner successfully completed the portion of these tests that dealt with matters of federal income taxation. From May of 1975 through July of 1976, petitioner was employed a a Certified Public Accountant by Peat, *520 Marwick. From August of 1976 through 1978, petitioner was employed as the controller of Beacon Tex-Print, Ltd., a division of C. Itoh & Co. (America) Inc., ("Beacon"). During 1977, petitioner also performed accounting services involving payroll taxes for various small businesses. During the taxable years 1977 and 1978, petitioner embezzled $32,084.70 and $23,254.77, respectively, from Beacon. Petitioner embezzled these funds by causing payroll checks to be issued to himself. As a result of his embezzlement, petitioner was arrested on January 5, 1979, on charges of grand larceny in the second degree. Petitioner pled guilty to these charges and was sentenced to five years probation on the condition that he repay the embezzled funds to Beacon. Petitioner repaid the embezled funds during the years 1979 and 1980. Petitioner prepared and filed his joint income tax returns for the taxable years 1977 and 1978. Prior to his preparation and filing of these returns, petitioner received from respondent for each year, a Forms and Instruction pamphlet to assist in the preparation of these returns. The pamphlets specifically advised petitioner that embezzled income must be reported to *521 respondent on Form 1040. Petitioner did not report the embezzled funds on his 1977 and 1978 income tax returns. Petitioner claimed a deduction on his 1977 return for payment of 1975 Federal income taxes. In 1979, respondent's agent, Pamela Barrack ("Barrack"), commenced an examination of petitioners' income tax returns for 1977 and 1978. During December of 1979, Barrack met with petitioner. At that time, petitioner made a statement indicating that he knew that the embezzled funds were taxable, but that he was waiting for respondent to contact him in regard to this money. Petitioner subsequently conceded that the deficiencies determined by respondent, which were based upon the embezzled income, were correct. OPINION The sole issue for decision is whether petitioner is liable for the addition to tax under section 6653(b) for fraud. Section 6653(b) provides that if any part of an underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. Respondent has the burden of proving, by clear and convincing evidence, that some part of an underpayment for each year was due to fraud. Sec. *522 7454(a); Rule 142(b). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. , affd. without published opinion, . To establish fraud, respondent must show that the taxpayer filed his return with the specific intent to evade tax believed to be owing. . Fraud is never presumed, but rather must be established by affirmative evidence. . Fraud may, however be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. ; . The taxpayer's entire course of conduct may establish the requisite fraudulent intent. ; . A pattern of consistent understatement of substantial amounts of income is strong evidence *523 of fraud. . [3]
In the instant case, petitioner conceded that the underpayments of tax as determined by respondent, which were based upon the embezzled income, are correct. Having stipulated to the underpayment, the only question present is whether such underpayment was due to an intent by petitioner to evade tax. Cf., ; . Petitioner understated his income in the years at issue by more than 100 percent and 65 percent, respectively. These substantial discrepancies over successive years between petitioner's net income and reported income constitute evidence of an intent to defraud. [4]
Petitioner argues that he was unaware that the misappropriated proceeds were taxable income since he was obligated to repay the funds when he was caught, and, therefore, he could not have had the requisite intent to evade tax. We reject this argument. *524 Nearly 16 years prior to the years here in issue the Supreme Court held embezzled proceeds were taxable income. See . The record demonstrates that petitioner was a highly intelligent, well-educated accountant. He apparently had little trouble understanding the long form tax return and the attached schedules. We do not view his improperly claiming a deduction for payment of federal tax liabilities as proof of innocence or naivete. Petitioner received the instructions for completing the returns for the years in question, which clearly listed embezzled income as taxable income. Further, petitioner stated to respondent's agent that he knew the embezzled funds were taxable and stated that he was waiting for respondent to contact him. We do not believe that a man of petitioner's intelligence, background and ability was unaware that the embezzled funds were taxable income in the year of receipt.Further, we observed the petitioner during his testimony and we observed respondent's agent Barrack during her testimony. Simply stated, we believe respondent's witness. We do not believe petitioner's testimony. Accordingly, we do not *525 accept as credible his self-serving testimony on this point.[5]
Petitioner has admitted embezzlement. It is a fair inference that a man who will embezzle from his employer will conceal such receipts from the Government with the intent to evade taxes. , affd. , cert. denied . Thus, we draw the inference here that petitioner, who did embezzle his employer's funds through "misrepresentation and concealment," has not hesitated to misrepresent and conceal his receipt of these same funds from the Government with the intent to evade tax. [6]
The evidence in the record illustrates that petitioner's entire course of conduct in carrying out the embezzlement scheme was fraught with deceit. He improperly issued payroll checks to himself. He attempted to conceal his wrong doing not only from his employer, but from the Government by not reporting the embezzled funds as income. Petitioner's testimony at *526 trial was self-serving and incredible. We have considered petitioner's other arguments and find them unpersuasive. Therefore, we find that respondent has sustained his burden of proving that a part of petitioner's understatements of his 1977 and 1978 tax liabilities were due to fraud and that petitioner is liable for the addition to tax under section 6653(b). Based on the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable years at issue. All rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioner Cherie Kohrs is a party to this action only by virtue of having filed joint returns in 1977 and 1978 with her husband, petitioner Richard Kohrs. Therefore, "petitioner" in the singular form hereinafter refers to petitioner Richard Kohrs.↩
3. See .↩
4. See .↩
5. See .↩
6. See .↩